

**U.S. Department of Justice**

*United States Attorney*
*District of Connecticut*

---

*Connecticut Financial Center*          *(203)821-3700*
*157 Church Street, 25th Floor*          *Fax (203) 773-5376*
*New Haven, Connecticut 06510*          *www.justice.gov/usao/ct*

February 21, 2024

John R. Gulash
Gulash & Associates
265 Golden Hill Street
Bridgeport, Connecticut 06604

United States District Court
District of Connecticut
FILED AT    BRIDGEPORT
*February 21* 2024
Dinah Milton Kinney, Clerk
By _____
Deputy Clerk

    Re:    *United States v. Michael D. Lutz*, 3:24-cr-29 (SRU)

Mr. Gulash:

    This letter confirms the plea agreement between your client, Michael D. Lutz (the "defendant"), and the United States Attorney's Office for the District of Connecticut (the "Government") in this criminal matter.

## THE PLEA AND OFFENSE

    In consideration for the benefits offered under this agreement, the defendant agrees to waive his right to be indicted and to plead guilty to a one-count information charging conspiracy to commit honest services wire fraud in violation of 18 U.S.C. § 1349.

    The defendant understands that, to be guilty of this offense, the following essential elements must be satisfied:

1. There was an unlawful agreement between two or more people, the unlawful objective of the agreement being to commit honest services wire fraud; and

2. the defendant knowingly and willfully entered into that agreement.

## THE PENALTIES

### Imprisonment

This offense carries a maximum penalty of 20 years of imprisonment.

*United States v. Michael D. Lutz*
*Plea Agreement*
*Page 2*

<u>Supervised Release</u>

In addition, the Court may impose a term of supervised release of not more than three years to begin after any term of imprisonment. 18 U.S.C. § 3583. The defendant understands that, should he violate any condition of supervised release, he may be required to serve a further term of imprisonment of up to two years per revocation pursuant to 18 U.S.C. § 3583 with no credit for time already spent on supervised release.

<u>Fine</u>

This offense carries a maximum fine of $250,000. The defendant also is subject to the alternative fine provision of 18 U.S.C. § 3571. Under this section, the maximum fine that may be imposed on the defendant is the greatest of the following amounts: (1) twice the gross gain to the defendant resulting from the offense; (2) twice the gross loss resulting from the offense; or (3) $250,000. The Government currently estimates that the gross loss resulting from the offense is approximately $843,271.32.

<u>Special Assessment</u>

In addition, the defendant is obligated by 18 U.S.C. § 3013 to pay a special assessment of $100 on each count of conviction. The defendant agrees to pay the special assessment to the Clerk of the Court on the day the guilty plea is accepted.

<u>Restitution</u>

In addition to the other penalties provided by law, the Court also must order that the defendant make restitution under 18 U.S.C. § 3663A, and the Government reserves its right to seek restitution on behalf of victims consistent with the provisions of § 3663A. The scope and effect of the order of restitution are set forth in the attached Rider Concerning Restitution. Restitution is payable immediately unless otherwise ordered by the Court.

Regardless of restitution that may be ordered by the Court noted above, the defendant agrees to make restitution in the amount of $843,271.32.

<u>Interest, penalties and fines</u>

Unless otherwise ordered, should the Court impose a fine or restitution of more than $2,500 as part of the sentence, interest will be charged on the unpaid balance of the fine or restitution not paid within 15 days after the judgment date. 18 U.S.C. § 3612(f). Other penalties and fines may be assessed on the unpaid balance of a fine or restitution pursuant to 18 U.S.C. § 3572(h), (i) and § 3612(g).

*United States v. Michael D. Lutz*
*Plea Agreement*
*Page 3*

## THE SENTENCING GUIDELINES

### Applicability

The defendant understands that the Court is required to consider any applicable Sentencing Guidelines as well as other factors enumerated in 18 U.S.C. § 3553(a) to tailor an appropriate sentence in this case and is not bound by this plea agreement. The defendant agrees that the Sentencing Guideline determinations will be made by the Court, by a preponderance of the evidence, based upon input from the defendant, the Government, and the United States Probation Office. The defendant further understands that he has no right to withdraw his guilty plea if his sentence or the Guideline application is other than he anticipated, including if the sentence is outside any of the ranges set forth in this agreement.

### Acceptance of Responsibility

At this time, the Government agrees to recommend that the Court reduce by two levels the defendant's adjusted offense level under § 3E1.1(a) of the Sentencing Guidelines, based on the defendant's prompt recognition and affirmative acceptance of personal responsibility for the offense. Moreover, should the defendant qualify for a decrease under § 3E1.1(a) and his offense level determined prior to the operation of subsection (a) is level 16 or greater, the Government will file a motion with the Court pursuant to § 3E1.1(b) which recommends that the Court reduce the defendant's Adjusted Offense Level by one additional level based on his prompt notification of his intention to enter a plea of guilty. The defendant understands that the Court is not obligated to accept the Government's recommendations on the reductions.

The above-listed recommendations are conditioned upon the defendant's affirmative demonstration of acceptance of responsibility, by (1) truthfully admitting the conduct comprising the offense(s) of conviction and truthfully admitting or not falsely denying any additional relevant conduct for which the defendant is accountable under § 1B1.3 of the Sentencing Guidelines, and (2) disclosing to the United States Attorney's Office and the United States Probation Office a complete and truthful financial statement detailing the defendant's financial condition. The defendant expressly authorizes the United States Attorney's Office to obtain a credit report concerning the defendant.

In addition, the Government expressly reserves the right to seek denial of the adjustment for acceptance of responsibility if the defendant engages in any acts, unknown to the Government at the time of the signing of this agreement, which (1) indicate that the defendant has not terminated or withdrawn from criminal conduct or associations (§ 3E1.1 of the Sentencing Guidelines); (2) could provide a basis for an adjustment for obstructing or impeding the administration of justice (§ 3C1.1 of the Sentencing Guidelines); or (3) constitute a violation of any condition of release. Moreover, the Government reserves the right to seek denial of the adjustment for acceptance of responsibility if the defendant seeks to withdraw his guilty plea or takes a position at sentencing, or otherwise, which, in the Government's assessment, is inconsistent with affirmative acceptance of personal responsibility. The defendant understands that he may not withdraw his plea of guilty

*United States v. Michael D. Lutz*
*Plea Agreement*
*Page 4*

if, for the reasons explained above, the Government does not make one or both of the recommendations or seeks denial of the adjustment for acceptance of responsibility.

<u>Stipulation</u>

Pursuant to § 6B1.4 of the Sentencing Guidelines, the defendant and the Government have entered into the attached stipulation, which is a part of this plea agreement. The defendant understands that this stipulation does not set forth all of the relevant conduct and characteristics that may be considered by the Court for purposes of sentencing. The defendant understands that this stipulation is not binding on the Court. The defendant also understands that the Government and the United States Probation Office are obligated to advise the Court of any additional relevant facts that subsequently come to their attention.

<u>Guideline Stipulation</u>

The parties agree as follows:

The Guidelines Manual in effect on the date of sentencing is used to determine the applicable Guidelines range.

The defendant's base offense level under U.S.S.G. § 2C1.1(a)(2) is 12.

Two levels are added under U.S.S.G. § 2C1.1(b)(1) because the offense involved more than one bribe.

An additional 14 levels are added under U.S.S.G. §§ 2C1.1(b)(2) and 2B1.1(b)(1)(H) because the loss to the government from the offense exceeded $550,000 but not $1,500,000.

An additional four levels are added under U.S.S.G. § 2C1.1(b)(3) because the offense involved a public official in a high-level decision-making position.

Three levels are subtracted under U.S.S.G. § 3E1.1 for acceptance of responsibility, as noted above, resulting in a total offense level of 29.

Based on an initial assessment, the parties agree that the defendant falls within Criminal History Category I. Similarly, the parties agree that, based on an initial assessment, the defendant qualifies for a two-level reduction for "certain zero-point offenders" under U.S.S.G. § 4C1.1, which would further reduce the defendant's total offense level to 27. The parties reserve the right to recalculate the defendant's Criminal History Category, eligibility for a zero-point offender reduction, and corresponding sentencing ranges if this initial assessment proves inaccurate.

A total offense level of 27, assuming placement in Criminal History Category I, would result in a Guidelines range of 70 to 87 months of imprisonment (sentencing table) and a fine range of $25,000 to $250,000 (U.S.S.G. § 5E1.2(c)(3)). The defendant also is subject to a supervised release term of one to three years. U.S.S.G. § 5D1.2.

*United States v. Michael D. Lutz*
*Plea Agreement*
*Page 5*

The Government and the defendant reserve their rights to seek a departure or a non-Guidelines sentence, and both sides reserve their right to object to a departure or a non-Guidelines sentence.

The defendant understands that the Court is not bound by the agreements on the Guidelines ranges specified above.  The defendant further understands that he will not be permitted to withdraw the guilty plea if the Court imposes a sentence outside any of the ranges set forth in this agreement.

In the event the United States Probation Office or the Court contemplates any sentencing calculations different from those stipulated by the parties, the parties reserve the right to respond to any inquiries and make appropriate legal arguments regarding the proposed alternate calculations.  Moreover, the parties reserve the right to defend any sentencing determination, even if it differs from that stipulated by the parties, in any post-sentencing proceeding.

### Information to the Court

The Government reserves its right to address the Court with respect to an appropriate sentence to be imposed in this case.  Moreover, the Government will discuss the facts of this case, including information regarding the defendant's background and character, 18 U.S.C. § 3661, with the United States Probation Office and will provide the Probation Officer with access to material in its file, with the exception of grand jury material.

## **WAIVER OF RIGHTS**

The defendant acknowledges and agrees that he is knowingly, intelligently, and voluntarily waiving the following rights:

### Waiver of Right to Indictment

The defendant understands that he has the right to have the facts of this case presented to a federal grand jury, consisting of between sixteen and twenty-three citizens, twelve of whom would have to find probable cause to believe that he committed the offense set forth in the information before an indictment could be returned.  The defendant acknowledges that he is waiving his right to be indicted.

### Waiver of Trial Rights and Consequences of Guilty Plea

The defendant understands that he has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent him.

The defendant understands that he has the right to plead not guilty or to persist in that plea if it has already been made, the right to a public trial, the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against him, the right

*United States v. Michael D. Lutz*
*Plea Agreement*
*Page 6*

not to be compelled to incriminate himself, the right to testify and present evidence, and the right to compel the attendance of witnesses to testify in his defense. The defendant understands that by pleading guilty he waives those rights and that, if the plea of guilty is accepted by the Court, there will not be a further trial of any kind.

The defendant understands that, if he pleads guilty, the Court may ask him questions about each offense to which he pleads guilty, and if he answers those questions falsely under oath, on the record, and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or making false statements.

<u>Discovery</u>

The defendant hereby acknowledges that he has accepted this Agreement and decided to plead guilty because he is in fact guilty, and therefore seeks no further discovery or disclosures of information. The defendant agrees to waive any right to any further discovery or disclosures of information not already provided as of the date of this Agreement. The Government nevertheless will produce additional discovery related to any disputed sentencing issues, at the defendant's specific request. The defendant waives any and all right to withdraw his plea or attack his conviction, either on direct appeal or collateral attack, on the ground that the Government has not produced any discovery material beyond what already has been produced as of the date of this Agreement.

<u>Waiver of Statute of Limitations</u>

The defendant agrees that, should the conviction following the defendant's guilty plea be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this plea agreement (including any indictment or counts the Government has agreed to dismiss at sentencing pursuant to this plea agreement) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement or reinstatement of such prosecution. The defendant agrees to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date the plea agreement is signed.

<u>Waiver of Right to Challenge Conviction</u>

The defendant acknowledges that under certain circumstances he is entitled to challenge his conviction. By pleading guilty, the defendant waives his right to appeal or collaterally attack his conviction in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241. In addition to any other claims the defendant might raise, the defendant waives the right to challenge the conviction based on (1) any non-jurisdictional defects in the proceedings before entry of this plea, (2) a claim that the statute(s) to which the defendant is pleading guilty is unconstitutional, and (3) a claim that the admitted conduct does not fall within the scope of the statute. This waiver does not preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum.

*United States v. Michael D. Lutz*
*Plea Agreement*
*Page 7*

<u>Waiver of Right to Appeal or Collaterally Attack Sentence</u>

The defendant acknowledges that under certain circumstances, the defendant is entitled to challenge his sentence.  In consideration for the benefits offered under this agreement (including avoiding indictment on additional counts and charges for the acts set forth below in the Stipulation of Offense Conduct and Relevant Conduct), the defendant agrees not to appeal or collaterally attack the sentence in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241, if that sentence does not exceed 87 months of imprisonment, three years of supervised release, a $100 special assessment, a fine of $1,686,542.64, and restitution of $843,271.32, even if the Court imposes such a sentence based on an analysis different from that specified above. Similarly, the defendant will not challenge any condition of supervised release imposed by the Court for which he had notice and an opportunity to object. The Government and the defendant agree that this waiver applies regardless of whether the term of imprisonment is imposed to run consecutively to or concurrently with, in whole or in part, the undischarged portion of any other sentence that has been imposed on the defendant at the time of sentencing in this case. Furthermore, the parties agree that any challenge to the defendant's sentence that is not foreclosed by this provision will be limited to that portion of the sentencing calculation that is inconsistent with (or not addressed by) this waiver.  This waiver does not preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum.

<u>Waiver of Challenge to Plea Based on Immigration Consequences</u>

The defendant understands that pleading guilty may have consequences with respect to his immigration status if the defendant is not a citizen of the United States.  Under federal law, non-citizens are subject to removal for a broad range of crimes, including the offense(s) to which the defendant is pleading guilty.  Likewise, if the defendant is a naturalized citizen of the United States, pleading guilty may result in denaturalization and removal.  Removal, denaturalization, and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including the defendant's attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status.  The defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that the guilty plea may entail, even if the consequence is automatic removal from the United States.

The defendant understands that he is bound by the guilty plea regardless of the immigration consequences of the plea.  Accordingly, the defendant waives any and all challenges to the guilty plea and to the sentence based on those consequences, and agrees not to seek to withdraw the guilty plea, or to file a direct appeal or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on the immigration consequences of the guilty plea, conviction, or sentence. This waiver does not preclude the defendant from raising a claim of ineffective assistance of counsel in the appropriate forum.

**ACKNOWLEDGMENT OF GUILT AND VOLUNTARINESS OF PLEA**

The defendant acknowledges that he is entering into this agreement and is pleading guilty freely and voluntarily because the defendant is guilty.  The defendant further acknowledges that

*United States v. Michael D. Lutz*
*Plea Agreement*
*Page 8*

he is entering into this agreement without reliance upon any discussions between the Government and the defendant (other than those described in the plea agreement letter), without promise of benefit of any kind (other than the concessions contained in the plea agreement letter), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges his understanding of the nature of the offense to which the defendant is pleading guilty, including the penalties provided by law. The defendant also acknowledges his complete satisfaction with the representation and advice received from his undersigned attorney. The defendant and his undersigned counsel are unaware of any conflict of interest concerning counsel's representation of the defendant in the case.

## SCOPE OF THE AGREEMENT

The defendant acknowledges that this agreement is limited to the undersigned parties and cannot bind any other federal authority, or any state or local authority. The defendant acknowledges that no representations have been made to him with respect to any civil or administrative consequences that may result from this plea of guilty because such matters are solely within the province and discretion of the specific administrative or governmental entity involved. Finally, the defendant acknowledges that this agreement has been reached without regard to any civil tax matters that may be pending or which may arise involving the defendant.

## COLLATERAL CONSEQUENCES

The defendant understands that he will be adjudicated guilty of the offense to which he has pleaded guilty and will be deprived of certain rights, such as the right to hold public office, to serve on a jury, to possess firearms and ammunition, and, in some states, the right to vote. Further, the defendant understands that if he is not a citizen of the United States, a plea of guilty may result in removal from the United States, denial of citizenship, and denial of admission to the United States in the future. The defendant understands that pursuant to section 203(b) of the Justice For All Act, the Federal Bureau of Prisons or the United States Probation Office will collect a DNA sample from the defendant for analysis and indexing. Finally, the defendant understands that the Government reserves the right to notify any state or federal agency by which the defendant is licensed, or with which the defendant does business, as well as any current or future employer of the fact of his conviction.

## SATISFACTION OF FEDERAL CRIMINAL LIABILITY; BREACH

The defendant's guilty plea, if accepted by the Court, will satisfy the federal criminal liability of the defendant in the District of Connecticut as a result of the defendant's participation in the scheme to defraud which forms the basis of the information in this case and the acts set forth below in the Stipulation of Offense Conduct and Relevant Conduct.

The defendant understands that if, before sentencing, he violates any term or condition of this agreement, engages in any criminal activity, or fails to appear for sentencing, the Government may void all or part of this agreement. If the agreement is voided in whole or in part, the defendant will not be permitted to withdraw the guilty plea.

*United States v. Michael D. Lutz*
*Plea Agreement*
*Page 9*

## NO OTHER PROMISES

The defendant acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this plea agreement, and none will be entered into unless set forth in writing, signed by all the parties.

This letter shall be presented to the Court, in open court, and filed in this case.

Sincerely,

VANESSA ROBERTS AVERY
UNITED STATES ATTORNEY

JONATHAN N. FRANCIS
ASSISTANT UNITED STATES ATTORNEY

The defendant certifies that he has read this plea agreement letter and its attachment(s) or has had it read or translated to him, that he has had ample time to discuss this agreement and its attachment(s) with counsel and that he fully understands and accepts its terms.

MICHAEL D. LUTZ                              02/21/24
The Defendant                                Date

I have thoroughly read, reviewed, and explained this plea agreement and its attachment(s) to my client who advises me that he understands and accepts its terms.

JOHN R. GULASH                              2-21-24
Attorney for the Defendant                  Date

*United States v. Michael D. Lutz*
*Plea Agreement*
*Page 10*

## STIPULATION OF OFFENSE CONDUCT AND RELEVANT CONDUCT

The defendant Michael D. Lutz and the Government stipulate to the following offense conduct and relevant conduct that give rise to the defendant's agreement to plead guilty to a one-count information charging a conspiracy to commit honest services wire fraud in violation of 18 U.S.C. § 1349:

1) The defendant MICHAEL D. LUTZ was employed as the general manager of Vendor-1, the identify of which is known to the parties.

2) Vendor-1 provided vehicle maintenance and repair services, including to the Danbury Post Office.

3) Ephrem D. Nguyen was employed by the United States Postal Service ("USPS") as the Postmaster of the Danbury Post Office, located in Danbury, Connecticut. A Postmaster is a public official responsible for managing the operation of a medium or large post office and its stations or branches. Among other things, Nguyen supervised the maintenance and repair of all equipment, facilities, and vehicles assigned to the Danbury Post Office. Nguyen has pled guilty to a separate information charging honest services wire fraud in violation of 18 U.S.C. §§ 1343 and 1346.

4) Starting in November 2020, Vendor-1 provided all maintenance and repair work for Danbury Post Office vehicles.

The Defendant's Scheme to Defraud

5) Beginning in January 2022 and continuing until February 2023, in the District of Connecticut and elsewhere, the defendant willfully and knowingly combined, conspired, confederated, and agreed with Nguyen to commit honest services wire fraud, in violation of Title 18, United States Code, Sections 1343 and 1346, that is, to knowingly devise and intend to devise a scheme to defraud the USPS of money or property, and its right to Nguyen's honest services, by means of bribery, kickbacks, and materially false and fraudulent pretenses, and to utilize interstate wires in furtherance of that scheme.

6) Between January 2022 and February 2023, Nguyen sought and obtained bribes from Vendor-1 through the defendant.

7) Vendor-1 also provided free vehicle maintenance and repairs to Nguyen, one of Nguyen's children, one of Nguyen's employees, and another USPS employee.

8) In early 2022, the defendant agreed to pay Nguyen a $30,000 bribe. In exchange for this bribe, Nguyen agreed to cause the USPS to overpay Vendor-1 for vehicle maintenance and repair, which Nguyen called a "raise" for Vendor-1. In early summer 2022, the defendant paid Nguyen $30,000 in cash from Vendor-1's proceeds.

*United States v. Michael D. Lutz*
*Plea Agreement*
*Page 11*

9)    In late summer 2022, the defendant agreed to pay Nguyen another $60,000 bribe. In approximately October 2022, the defendant paid Nguyen $60,000 in cash from Vendor-1's proceeds.

10)    As he had promised, in exchange for these corrupt payments, starting in early 2022, Nguyen caused the USPS to overpay Vendor-1 using credit cards issued by U.S. Bank and assigned to the Danbury Post Office, and which payments were processed using interstate wire transmissions. For the first three quarters of 2021, the USPS paid Vendor-1 between approximately $38,000 and $58,000 per quarter; in the fourth quarter of 2021, the USPS paid Vendor-1 $117,794. Following Nguyen's bribe solicitation, USPS payments to Vendor-1 increased dramatically:

| Calendar Quarter | USPS Payment |
|---|---|
| Q1 2022 | $219,896.55 |
| Q2 2022 | $223,674.58 |
| Q3 2022 | $246,818.99 |
| Q4 2022 | $302,883.75 |

The "raise" for Vendor-1 that Nguyen had promised to the defendant continued into 2023, with the USPS paying Vendor-1 $109,947.45 in the month of January.

11)    In total, between January 2022 and February 2023, the USPS paid Vendor-1 approximately $1,103,271.32. Approximately $260,000 of that amount was for legitimate maintenance and repair work, meaning that the defendant's conspiracy and scheme caused the USPS approximately $843,271.32 in loss.

This written stipulation is part of the plea agreement. The defendant and the Government reserve their right to present additional offense conduct and relevant conduct to the Court in connection with sentencing.

MICHAEL D. LUTZ
The Defendant

JONATHAN N. FRANCIS
ASSISTANT UNITED STATES ATTORNEY

JOHN R. GULASH
Attorney for the Defendant

*United States v. Michael D. Lutz*
*Plea Agreement*
*Page 12*

## <u>RIDER CONCERNING RESTITUTION</u>

The Court shall order that the defendant make restitution under 18 U.S.C. § 3663A as follows:

1.  If the offense resulted in damage to or loss or destruction of property of a victim of the offense:

    A.  Return the property to the owner of the property or someone designated by the owner; or

    B.  If return of the property is impossible, impracticable, or inadequate, pay an amount equal to:

        The greater of -
        (I)  the value of the property on the date of the damage, loss, or destruction;  or

        (II) the value of the property on the date of sentencing, less the value as of the date the property is returned.

2.  In the case of an offense resulting in bodily injury to a victim –

    A.  Pay an amount equal to the costs of necessary medical and related professional services and devices related to physical, psychiatric, and psychological care; including non-medical care and treatment rendered in accordance with a method of healing recognized by the law of the place of treatment;

    B.  Pay an amount equal to the cost of necessary physical and occupational therapy and rehabilitation; and

    C.  Reimburse the victim for income lost by such victim as a result of such offense.

3.  In the case of an offense resulting in bodily injury that results in the death of the victim, pay an amount equal to the cost of necessary funeral and related services; and

4.  In any case, reimburse the victim for lost income and necessary childcare, transportation, and other expenses incurred during participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense.

The order of restitution has the effect of a civil judgment against the defendant.  In addition to the Court-ordered restitution, the Court may order that the conditions of its order of restitution be made a condition of probation or supervised release.  Failure to make restitution as ordered may result in a revocation of probation, 18 U.S.C. § 3565, or a modification of the conditions of supervised release, 18 U.S.C. § 3583(e).  Failure to pay restitution also may result in the defendant being held in contempt, or the defendant's re-sentencing to any sentence which might originally have been imposed by the Court.  *See* 18 U.S.C. §§ 3613A, 3614.  The Court also may order that the defendant give notice to any victim(s) of the offense under 18 U.S.C. § 3555.